# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1014

_____

William J. Haberman,                           *
                                               *
             Petitioner,                       *
                                               *      Petition for Review of an Order
      v.                                       *      of the Securities and Exchange
                                               *      Commission.
Securities and Exchange Commission,            *
                                               *             [UNPUBLISHED]
             Respondent.                       *

_____

Submitted:  November 18, 1999

Filed:  January 19, 2000

_____

Before BOWMAN, LAY, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Petitioner William J. Haberman (Haberman) seeks review of a Securities and Exchange Commission (SEC) order dismissing his appeal from an order of the National Association of Securities Dealers, Inc. (NASD) that denied an NASD member firm's application to associate with Haberman during his ten-year statutory disqualification following a felony conviction.  We affirm.

## I.

During an undercover investigation, Haberman, a registered securities representative, accepted $45,000 in cash, money orders, and cashier's checks from an old college acquaintance over the course of three meetings. Despite knowing the money to be proceeds of illegal activity, Haberman invested it in securities and failed to file the required currency transaction reports. Following the investigation and a hung jury trial, he pleaded guilty to one count of failure to report a financial transaction and, in 1992, was sentenced to forty-one months in prison. As a result, Haberman was statutorily disqualified from membership in the NASD for the ten-year period from 1992 to 2002. See 15 U.S.C. § 78c(a)(39), 78c(a)(39)(F).

While Haberman remained subject to statutory disqualification, an NASD member firm, Gardner Financial Services, Inc. (Gardner), submitted to NASD an application to associate with him. Subsequently, the NASD held a hearing to determine whether granting the application would be in the public interest and protect investors. Haberman and Gardner appeared before a three-member panel of the NASD and presented evidence of Haberman's good character and rehabilitation, along with a proposed plan under which Gardner's President and Chief Compliance Officer, Larry Bumgardner (Bumgardner), would supervise Haberman. Finding that the grant of the application was not in the public interest, the NASD denied Gardner's application. The SEC agreed and dismissed the appeal proceedings. Haberman timely petitioned for review, invoking this court's jurisdiction pursuant to 15 U.S.C. § 78y(a). For reversal, Haberman argues the SEC's findings are not supported by substantial evidence and that it acted arbitrarily and capriciously in denying his association with Gardner.

## II.

Our review of the SEC's findings is limited to whether the findings are supported by substantial evidence on the record as a whole. Pagel, Inc. v. Securities & Exch. Comm'n, 803 F.2d 942, 945 (8th Cir. 1986). "Our task is not to weigh the evidence, but only to determine that there is in the record such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion." Id. (internal quotations omitted) (quoting Steadman v. Securities & Exch. Comm'n, 450 U.S. 91, 99 (1981)). If supported by substantial evidence on the record as a whole, the findings are conclusive. See 15 U.S.C. § 78y(a)(4).

Haberman argues that: (1) his felony conviction, without more, is not an adequate basis for denying his association with an NASD member firm; (2) the SEC failed to give substantial weight to his evidence of good character and rehabilitation; and (3) the SEC erred in concluding the proposed supervisory plan would provide inadequate supervision of Haberman. He does not argue the SEC failed to consider any critical evidence, but instead argues essentially that it erred in weighing the evidence. We disagree.

The record reveals that Haberman pleaded guilty to a felony perpetrated in the course of his work as a securities representative, that he knew the source of the money was illegal at the time he invested it, and that he failed to file a currency transaction report as required by law. In the initial proceeding, the NASD considered all the evidence, including the provisions of the proposed supervisory plan, and found that grant of the application during Haberman's ten-year statutory disqualification was not in the public interest. The NASD noted the seriousness of the malfeasance and that Haberman's actions were securities-related (e.g., investing money for a client and failing to report the transactions). The NASD concluded that Bumgardner's existing supervisory responsibilities, coupled with his own business practice of visiting clients in their homes or offices, would leave Haberman with insufficient supervision--a situation similar to the one in which he committed the disqualifying felony.

Pursuant to Haberman's appeal, the SEC conducted an independent review of the record and agreed with the NASD. Because Haberman was statutorily disqualified, the SEC could grant the application to associate only if it found the association to be consistent with both the public interest and protection of investors. See 15 U.S.C.

§ 78o(b)(1), 78o(b)(4)(B).  In a ten-page decision, the SEC carefully considered the merits of Haberman's case, recognizing his unblemished performance as an insurance agent from September 1996 to May 1997 and his favorable association with two NASD member firms in a non-registered capacity from December 1996 to the date of appeal. It also gave due consideration to a letter from Haberman's sentencing judge supporting his reinstatement as a securities representative, along with additional evidence of client trust and satisfaction.  The SEC, however, also considered Haberman's commission of a felony six years prior to applying for readmission and noted that his misconduct was both serious and securities related.  Rejecting Haberman's assertions, the SEC viewed his felonious conduct as a serious breach of his obligation to maintain high standards of business ethics, a threat to the integrity of the securities market, and undermining federal taxing power.  Further, the SEC determined that the proposed supervisory plan lacked the intensive scrutiny required for a person subject to statutory disqualification.

In its discretion, the SEC found that, despite evidence of good character and post-release rehabilitation, it was not in the public interest to permit the association of Haberman with Gardner.  We find no abuse of that discretion.  The SEC also concluded that the NASD's denial of association was based on grounds that existed in fact, accorded with NASD rules, and was applied consistent with governing legislation. Consequently, it dismissed the appeal.  See 15 U.S.C. § 78s(f).  We find no basis to set aside the SEC's findings and conclusions, and therefore affirm.

AFFIRMED.
A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-